IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00487-GPG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

SHANE EDWARD JOHNSON,

 Applicant,

v.

EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF CORRECTIONS, and
WARDEN OF LIMON CORRECTIONAL FACILITY,

 Respondents.

---

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

---

Applicant, Shane Edward Johnson, who is a state prisoner, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). Mr. Johnson claims that he was deprived of due process in connection with an administrative segregation hearing, that his placement in administrative segregation for approximately four years violated due process, and that he was not allowed to accrue earn and good time credits while in administrative segregation. He further asserts a denial of his equal protection rights. Mr. Johnson claims that he is entitled to 12 days of earned credits and 15 days of good time credits for the 52 months that "he was illegally confined to Ag Seg." (ECF No. 1 at 27). He also requests monetary damages under 42 U.S.C. § 1983.

To the extent Mr. Johnson is challenging his conditions of confinement in

administrative segregation and seeks monetary relief, his due process and equal protection claims must be asserted in a Prisoner Complaint as civil rights claims, pursuant to 42 U.S.C. § 1983. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). However, to the extent Mr. Johnson challenges the duration of his confinement, he may assert his constitutional claims in an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). If Mr. Johnson intends to pursue both civil rights claims and habeas corpus claims, he will be required to pursue those claims in separate actions.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this Order. Mr. Johnson will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Johnson files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X     is not submitted
(2)   __    is missing affidavit
(3)   X     is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (<u>if filing a civil rights complaint</u>)
(4)   X     is missing certificate showing current balance in prison account (<u>if filing a habeas corpus application</u>)
(5)   __    is missing required financial information
(6)   __    is missing an original signature by the prisoner

(7) __ is not on proper form
(8) __ names in caption do not match names in caption of complaint, petition or habeas application
(9) __ An original and a copy have not been received by the court. Only an original has been received.
(10) _X_ other: Mr. Johnson may pay the $5.00 filing fee applicable to habeas actions or the $400.00 fee applicable to civil rights actions instead of filing a §1915 motion and affidavit.

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) __ is not on proper form (must use the court's current form)
(13) __ is missing an original signature by the prisoner
(14) __ is missing page nos. __
(15) __ uses et al. instead of listing all parties in caption
(16) __ An original and a copy have not been received by the court. Only an original has been received.
(17) __ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) __ names in caption do not match names in text
(19) _X_ other: If Mr. Johnson intends to proceed under 28 U.S.C. § 2241, he must file an Amended § 2241, on the court-approved form, that does not include civil rights claims or seek monetary relief. If he intends to pursue conditions-of-confinement claims, he must file a Prisoner Complaint.

Accordingly, it is

ORDERED that Mr. Johnson cure the deficiencies designated above **within thirty days from the date of this Order**. Any papers that Mr. Johnson files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that if Mr. Johnson intends to proceed in this action under 28 U.S.C. § 2241, he must submit, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that does not include claims challenging the conditions of his confinement, and does not request monetary relief. If Mr. Johnson intends to also pursue conditions-of-confinement claims, he must file a Prisoner Complaint, in a separate proceeding.

Alternatively, Mr. Johnson may choose to only pursue a conditions-of-confinement claim in the present action by filing a Prisoner Complaint **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that if Mr. Johnson intends to pursue claims under 28 U.S.C. § 2241 in this action, he shall pay the $5.00 filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 2241, **within thirty days from the date of this Order**.  Alternatively, if Mr. Johnson intends to pursue only conditions-of-confinement claims in this action, he shall pay the $400.00 filing fee or submit a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   It is

FURTHER ORDERED that Mr. Johnson shall obtain the Court-approved forms used in filing whatever type of action he is trying to initiate (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Johnson fails to cure the designated deficiencies **within thirty days from the date of this Order**, the action will be dismissed without further notice.

DATED:  March 1, 2016, at Denver, Colorado.

BY THE COURT:


s:/ Gordon P. Gallagher
United States Magistrate Judge