IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00487-GPG

SHANE EDWARD JOHNSON,

Applicant,

v.

EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF CORRECTIONS, and
WARDEN OF LIMON CORRECTIONAL FACILITY,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Shane Edward Johnson, is in the custody of the Colorado Department of Corrections (CDOC) at the Correctional Facility in Limon, Colorado. He initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). In the Application, Mr. Johnson asserted that he was deprived of due process in connection with an administrative segregation hearing, that his placement in administrative segregation for approximately four years violated due process, and that he was not allowed to accrue earned and good time credits while in administrative segregation, in violation of his due process and equal protection rights. For relief, he claimed an entitlement to withheld earned and good time credits, and requested an award of damages.

**I. Procedural Background**

On March 1, 2016, Magistrate Judge Gordon P. Gallagher issued an Order Directing Applicant to Cure Deficiencies. (ECF No. 3). Mr. Johnson was advised that

constitutional claims challenging his placement in administrative segregation and the conditions of that confinement, for which he requested monetary relief, must be asserted in civil rights action, pursuant to 42 U.S.C. § 1983. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). However, to the extent Mr. Johnson challenged the duration of his confinement, he may pursue habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions).   Magistrate Judge Gallagher further advised Mr. Johnson in the March 1 Order that he could not pursue both civil rights claims and habeas corpus claims in the same action.   The Court then entered the following orders:

> [I]f Mr. Johnson intends to proceed in this action under 28 U.S.C. § 2241, he must submit, within thirty days from the date of this Order, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that does not include claims challenging the conditions of his confinement, and does not request monetary relief. If Mr. Johnson intends to also pursue conditions-of-confinement claims, he must file a Prisoner Complaint, in a separate proceeding.   Alternatively, Mr. Johnson may choose to only pursue a conditions-of-confinement claim in the present action by filing a Prisoner Complaint within thirty days from the date of this Order. . . .
>
> . . . [I]if Mr. Johnson intends to pursue claims under 28 U.S.C. § 2241 in this action, he shall pay the $5.00 filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 2241, within thirty days from the date of this Order. Alternatively, if Mr. Johnson intends to pursue only conditions-of-confinement claims in this action, he shall pay the $400.00 filing fee or submit a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

(ECF No. 3 at 3-4).

Mr. Johnson paid a $5.00 filing fee on March 28, 2016. (ECF No. 4). On March 31, 2016, he filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6), in which he again asserts a violation of his due process rights in conjunction with his placement and four-year confinement in administrative segregation. He further alleges that his confinement in administrative segregation "inevitably affected the duration of [his] sentence" because he was denied the ability to accrue earned and good time credits during that period, which affected his parole eligibility date. (*Id.* at 9-10). Mr. Johnson asserts that the denial of earned and good time credits violated his due process and equal protections rights. For relief, he requests that he be awarded with 12 days per month of earned time and 15 days per month of good time credits for the 52 months he was confined in administrative segregation.

## I. Analysis

### A. Conditions of Confinement Claims

Mr. Johnson's Fourteenth Amendment due process claims challenging the decision to place him in administrative segregation and the conditions of his confinement in administrative segregation must be asserted in a civil rights action. *See Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("Prisoners who raise constitutional challenges . . . to administrative segregation . . . must proceed under § 1983 . . . ."); *Gee v. Murphy*, No. 08-8088, 325 F. App'x 666, (10th Cir. April 27, 2009) (unpublished) ("Since, as explained above, Mr. Gee's petition challenges only administrative decisions affecting his day-to-day circumstances and prison privileges, then, under the facts presented here, § 1983, not § 2241, is the statute under which he must proceed."). Accordingly, the

conditions-of-confinement claims will be dismissed without prejudice so that Mr. Johnson may have the opportunity to pursue them in a separate civil rights proceeding under 42 U.S.C. § 1983.

**B. Habeas Claims**

Mr. Johnson's claim that he was denied the ability to accrue earned and good time credits during his four-year confinement in segregation, in violation of his due process and equal protection rights, is properly raised in a habeas corpus proceeding. *See Kailey v. Ritter*, No. 11-1372, 500 F. App'x 766, 769 (10th Cir. Oct. 24, 2012) (unpublished) (citing *Preiser*). However, the face of the Amended Application establishes that Applicant is not entitled to federal habeas relief.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v.* Austin, 545 U.S. 209, 221 (2005). A liberty interest may arise from the Constitution itself or it may arise from an expectation or interest created by state laws or policies. *Id.* The Constitution does not afford prisoners a right to be released on parole before the expiration of a valid sentence. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). Mr. Johnson therefore must show that he has a liberty interest in release on parole under state law.

Applicant committed his offenses in 2006 or later.1 For inmates who were

---

1 *See* www.doc.state.co.us/oss. **Error! Main Document Only.**The Court may take judicial notice of the contents of the CDOC's Offender Search website. *See Triplet v. Franklin*, No. 06-6247, 365 F. Appx. 86, 92 n.8 (10th Cir. Feb. 5, 2010) (unpublished) (taking judicial notice of Oklahoma Department of Corrections'

sentenced for crimes committed on or after July 1, 1985, Colorado law expressly authorizes the CDOC to withhold any good time credits, see § 17–22.5–301(3), C.R.S., or earned time deductions, see § 17.22.5–302(4), C.R.S. Because the award of good and earned time credits to Applicant is within the discretion of prison officials, he does not have a constitutionally protected liberty interest in the credits. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir.2006); *Anderson v. Cunningham*, No. 08–1349, 319 F. Appx. 706, 710 (10th Cir. March 30, 2009) (unpublished). As such, Mr. Johnson's due process claim necessarily fails. *See Straley v. Utah Bd. Of Pardons*, 582 F.3d 1208, 1214015 (10th Cir. 2009) (concluding that the petitioner had not demonstrated an entitlement to parole under state law because "the Utah parole statutes grants the Board complete discretion in making parole decisions").

Further, the denial of good and earned time credits to prisoners housed in administrative segregation does not violate equal protection because prisoners in administrative segregation are not similarly situated to those in general population. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (where an equal protection claim is not based on a suspect classification or membership in a protected class, the plaintiff must allege sufficient facts to establish that "the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose"; a prisoner's "claim that there are no relevant differences between him and other [convicted persons] that reasonably might account for their different treatment is not plausible or arguable."); s*ee also Fogle v. Pierson,* 435 F.3d 1252, 1261 (10th Cir. 2006) (stating that because

---

website); *see also N.M. ex rel. Richardson v. Bureau of Land Mgmt.,* 565 F.3d 683, 702 n. 22 (10th Cir. 2009) (taking judicial notice of information on "[t]he websites of two federal agencies").

inmate classification is discretionary, it is not plausible to claim that there are other inmates who are similar in every relevant respect for purposes of equal protection claims).

In sum, Mr. Johnson cannot establish a violation of the United States Constitution that would entitle him to federal habeas corpus relief. See 28 U.S.C. § 2241(c)(3) (stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless— ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").

And, finally, in Colorado, good and earned time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo.1999), but instead function only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387–88 and n.5 (Colo.1990) (collecting cases). *See also Ankeney v. Raemisch*, 344 P.3d 847, 850 (Colo. 2015) (same). Under Colorado law, inmates such as Applicant, who committed crimes after July 1, 1979, are subject to discretionary parole. *See* COLO.REV. STAT. § 17-22.5-406 (2015). Accordingly, even if Applicant was awarded all of the earned and good time credits to which he claims an entitlement, he would not be assured immediate or speedier release. *See Kailey v. Price*, No. 12-1276, 97 F. App'x. 835, 836-37 (10th Cir. Sept. 27, 2012) (unpublished); *see also Frazier v. Jackson*, No. 09–1429, 385 F. App'x. 808, 810–11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement."). Accordingly, it is

ORDERED that the Amended § 2241 Application is DENIED. The claims asserting constitutional challenges to Applicant's placement in administrative segregation and the conditions of confinement in segregation are DISMISSED WITHOUT

PREJUDICE.   Mr. Johnson may raise the claims in a separate civil rights action under 42 U.S.C. § 1983.   The claims challenging the denial of earned and good time credits are DISMISSED WITH PREJUDICE because they do not state a constitutional violation and success on the claims would not result in Applicant's earlier release. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Johnson has not made a substantial showing that jurists of reason would find it debatable whether the procedural rulings are correct and whether the underlying claims have constitutional merit.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Johnson files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated April 8, 2016, at Denver, Colorado.

BY THE COURT:


　　　s/Lewis T. Babcock　　　　　
　　　LEWIS T. BABCOCK, Senior Judge
　　　United States District Court